IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| SAVE-A-LIFE FOUNDATION, INC., | ) | FILED: OCTOBER 21,2008 |
| | ) | |
| Plaintiff, | ) | 08CV6022 |
| | ) | JUDGE KENNELLY |
| vs. | ) | MAGISTRATE JUDGE VALDEZ |
| | ) | RCC |
| PETER HEIMLICH, JASON HAAP | ) | |
| and ROBERT BARATZ, | ) | |
| | ) | |
| Defendants. | ) | |

NOTICE OF REMOVAL

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1332(a), 1446 and 1453,

Defendant Peter Heimlich hereby removes the above-captioned matter from the Circuit Court of

Cook County, Illinois to this Court. In support of this removal, Defendant states as follows:

The Removed Case

1.  The case was filed on or about May 3, 2007, in the Circuit Court of Cook County,

Illinois, Chancery Division, captioned Save-A-Life Foundation, Plaintiff, vs. Peter

Heimlich, Robert Baratz and Jason Haap, Defendants, No. 07 CH 12022.

2.  As required by 28 U.S..C. §§1446(a), attached hereto as Exhibit A are copies of

all process, pleadings and orders served upon Defendant Heimlich in the removed

case.

Removal is Timely

3.  This Notice of Removal is filed within 30 days after receipt by Defendant

Heimlich of the summons and complaint from which it was first ascertained that

this case is one which has become removable pursuant to 28 U.S.C. §§ 1446(b).

Venue is Proper in this Court

4.    This Court is the United States District Court for the district and division in which

the state court action referenced in paragraph 1 is pending, which makes this

Court the appropriate place for filing this Notice of Removal pursuant to 28

U.S.C. §§ 1446(a).

Diversity of Citizenship Exists

5.    This is a civil action over which the Court has original jurisdiction under 28

U.S.C. §1332 (diversity of citizenship) and is one that may be removed to this

Court based on diversity of citizenship under 28 U.S.C. §§ 1441 and 1446.

6.    Save A Life Foundation, Inc. was at the time of the filing of this action a not-for-

profit corporation organized under the laws of the State of Illinois, with its

principal place of business in Schiller Park, Cook County, Illinois.

7.    Defendant Peter Heimlich is not a citizen of the State of Illinois. He is, and at the

time of the filing of this action was, a citizen and resident of Georgia.

Consent of Co-Defendants

8.    Defendant Robert Baratz is a citizen and resident of the State of Massachusetts.

Defendant Baratz consents to the removal of this case from the Circuit Court of

Cook County to this Court.

9.    Defendant Jason Haap is a citizen and resident of the State of Ohio. Defendant

Haap consents to the removal of this case from the Circuit Court of Cook County

to this Court.

10.    Because the Plaintiff is a citizen of the State of Illinois and the Defendants are not,

complete diversity of citizenship exists under 28 U.S.C. § 1332.

The Amount in Controversy has been Satisfied

11.    Plaintiff claims an amount claimed in excess of $75,000.

12.    Plaintiff seeks damages arising from injuries sustained as a result of an alleged

conspiracy between the defendants to interfere with Plaintiff's economic

advantage and for alleged defamatory statements made about it.

Filing of Removal Papers

13.    Pursuant to 28 U.S.C. § 1446(d), simultaneously with removing this action to this

Court, Defendant is providing written notice to Plaintiff's Counsel and filing a

Notice of Filing of Notice of Removal with the Circuit Court of Cook County,

Illinois.  A true and correct copy of this Notice of Filing of Notice of Removal is

attached hereto as Exhibit "B".

WHEREFORE, Defendant Peter Heimlich removes the above-captioned action from the

Circuit Court of Cook County, Illinois, and requests that further proceedings be conducted in this

Court as provided by law:

October 17, 2008

                              S/WAYNE B. GIAMPIETRO
                              MICHAEL G. ARETOS
                              SHANNON B. RIGBY
                              Attorneys for Defendants

Stitt, Klein, Daday, Aretos & Giampietro
2550 W. Golf Road, Suite 250
Rolling Meadows, Illinois 60008
847-590-8700
Fax: 847-590-9825

Certificate of Service

The undersigned, an attorney, hereby certifies that he caused a true and correct copy of the foregoing document to be served upon:

Thomas G. DiCianni
Ancel, Glink, Diamond, Bush
140 S. Dearborn
Chicago, IL 60603

via United States Mail on October 20, 2008 from Rolling Meadows, Illinois prior to 5:00 p.m.

S/Wayne B. Giampietro

Case Number: 07 CH 12022 COOK COUNTY, ILLINOIS CIRCUIT COURT
Date Received: 09/12/2008     Time: 10:40 AM
Special Service Inst:

STATE OF GEORGIA
GWINNETT COUNTY

**ATTORNEY'S ADDRESS**

THOMAS G. DICIANNI
ANCEL, GLIN, DIAMON, BUSH, DICIANNI & KRAFTHEFER, PC.
140 SOUTH DEARBORN ST. SIX
CHICAGO IL  60603

SAVE-A-LIFE FOUNDATION, INC.
PLAINTIFF

VS.

**NAME AND ADDRESS OF PARTY TO BE SERVED**

PETER HEIMLICH
3630 RIVER HOLLOW RUN
DULUTH, GA. 30097

ROBERT BARATZ, ET AL
DEFENDANT

---

### SHERIFF'S ENTRY OF SERVICE

**PERSONAL** ☒  Sex ___ Skin Color ___ Hair Color ___ Age ___ Hgt ___ Wgt ___
I have this day served the defendant ___ personally with a copy
of the within action and summons.

**NOTORIOUS** ☐
I have this day served the defendant ___ by leaving
a copy of the action and summons at his most notorious place of abode in this County.

Delivered same into hands of ___ described as follows

| SEX | SKIN COLOR | HAIR COLOR | AGE | HGT | WGT |
|---|---|---|---|---|---|
| | | | | | |

**CORPORATION** ☐
I have this day served the ___ a corporation
by leaving a copy of the within action and summons with ___
in charge of the office and place of doing business of said Corporation in this County.

**TACK AND NAIL** ☒
I have this day served the above styled affidavit and summons on the defendant(s) by posting a copy of the same to the door of the premises designated in said affidavit, and on the same day of such posting by depositing a true copy of same in the United States Mail, First Class in an envelope properly addressed to the defendant(s) at the address shown in said summons, with adequate postage affixed thereon containing notice to the defendant(s) to answer said summons at the place stated in the summons.

**NON EST** ☐
Deligent search made and defendant
not to be found in the jurisdiction of this Court.

**SPECIAL PROCESS**
SUMMONS, COMPLAINT, ALIAS SUMMONS, SECOND AMENDED COMPLAINT, AMENDMENT TO SECOND AMENDED COMPLAINT

**COMMENTS**

Subscribed and sworn to before me this ___ day of ___

Notary Public in and for said County and State

Data Served: ___
Time: ___
Deputy Sheriff

SHERIFF DOCKET ___ PAGE ___         GWINNETT COUNTY, GEORGIA

EXHIBIT A

| | |
|---|---|
| 2120 - Served | 2121 - Served |
| 2220 - Not Served | 2221 - Not Served |
| 2320 - Served By Mail | 2321 - Served By Mail |
| 2420 - Served By Publication | 2421 - Served By Publication |
| SUMMONS | ALIAS - SUMMONS |

CCG N001-10M-1-07-05 (                    )

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, _____CHANCERY_____ DIVISION

(Name all parties)

SAVE-A-LIFE FOUNDATION, INC.

v.

ROBERT BARATZ, et al.

No. 07 CH 12022

PLEASE SERVE:
Peter Heimlich
3630 River Hollow
Duluth, Georgia

ALIAS  SUMMONS

To each Defendant:

YOU ARE SUMMONED and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance, and pay the required fee, in the Office of the Clerk of this Court at the following location:

☑ Richard J. Daley Center, 50 W. Washington, Room _____802_____, Chicago, Illinois 60602

❑ District 2 - Skokie
5600 Old Orchard Rd.
Skokie, IL 60077

❑ District 3 - Rolling Meadows
2121 Euclid
Rolling Meadows, IL 60008

❑ District 4 - Maywood
1500 Maybrook Ave.
Maywood, IL 60153

❑ District 5 - Bridgeview
10220 S. 76th Ave.
Bridgeview, IL 60455

❑ District 6 - Markham
16501 S. Kedzie Pkwy.
Markham, IL 60426

❑ Child Support
28 North Clark St., Room 200
Chicago, Illinois 60602

You must file within 30 days after service of this Summons, not counting the day of service.
IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE RELIEF REQUESTED IN THE COMPLAINT.

To the officer:

This Summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this Summons shall be returned so endorsed. This Summons may not be served later than 30 days after its date.

Atty. No.: 42783

WITNESS, _____SEP 0 8 2008_____,

Name: Thomas G. DiCianni/Ancel, Glink, et al.

Atty. for: Plaintiff

Address: 140 S. Dearborn, 6th Floor

Clerk of Court

City/State/Zip: Chicago, IL 60603

Date of service: _____,
(To be inserted by officer on copy left with defendant or other person)

Telephone: (312) 782-7606

Service by Facsimile Transmission will be accepted at: _____(312)_____  ___782-0943___
(Area Code)   (Facsimile Telephone Number)

DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, CHANCERY DIVISION

SAVE-A-LIFE FOUNDATION, INC.,          )
                                        )
           Plaintiff,                   )
                                        )
     v.                                 )        No. 07 CH 12022
                                        )
PETER HEIMLICH, JASON HAAP and          )
ROBERT BARATZ,                          )
                                        )
           Defendants.                  )

## ORDER

THIS CAUSE coming on plaintiff's Motion for Service by Special Order of Court;

IT IS HEREBY ORDERED:

Plaintiff is granted leave to serve defendant PETER HEIMLICH by special order of court

by the following means:

1.  Posting of the Summons and Complaint on the door at 3630 River Hollow
    Run, Duluth, Georgia, by the Gwinnett County Sheriff.

2.  Mailing of the Summons and Complaint to defendant Heimlich at 3630
    River Hollow Run, Duluth, Georgia, by First Class Mail, along with filing
    of a certificate of such service by Save-A-Life's counsel with the court;

3.  E-mailing the Summons and Complaint to defendant Heimlich at his e-
    mail address of pmh@medfraud.info;

4.  Service on defendant Heimlich's website host, located at 350 East Cermak
    Road, Chicago, Illinois.

ENTER:

> ENTERED
> JUDGE MARY K. ROCHFORD-1570
> SEP -5 2008
> DOROTHY BROWN
> CLERK OF THE CIRCUIT COURT
> OF COOK COUNTY, IL
> DEPUTY CLERK

_____
JUDGE

Thomas G. DiCianni
ANCEL, GLINK, DIAMOND, BUSH, DiCIANNI & KRAFTHEFER, P.C.
140 South Dearborn Street, Sixth Floor
Chicago, Illinois 60603
(312) 782-7606
(312) 782-0943 Fax
Firm ID 42783

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, CHANCERY DIVISION

SAVE-A-LIFE FOUNDATION, INC.,    )
    )
    Plaintiff,    )
    )
    v.    )    No. 07 CH 12022
    )
PETER HEIMLICH, JASON HAAP and    )
ROBERT BARATZ,    )
    )
    Defendant.    )

## SECOND AMENDED VERIFIED
## COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

NOW COMES plaintiff, SAVE-A-LIFE FOUNDATION, INC., by its counsel, ANCEL,
GLINK, DIAMOND, BUSH, DiCIANNI & KRAFTHEFER, P.C., and for its Second Amended
Complaint against defendants, PETER HEIMLICH, JASON HAAP and ROBERT BARATZ, states
the following:

### Introduction

1.    Plaintiff, SAVE-A-LIFE FOUNDATION, INC. ("Save-A-Life"), is a not-for-profit
corporation organized under the laws of the State of Illinois and qualified under Section 501(c)(3)
of the United States Internal Revenue Code. Save-A-Life's headquarters is located in Cook County,
Illinois, and it does business in Cook County and throughout the nation. Save-A-Life is a national
affiliate of the Department of Homeland Security Citizen Corps, and its programs have been
promoted and supported by many local and national organizations.

2.    Save-A-Life's mission is to train bystanders, particularly school age children, in age
appropriate life supporting first aid ("LFSA") skills to provide in emergency situations prior to
arrival of emergency medical service ("EMS") professionals. Save-A-Life was founded in 1993,
and has since organized and sponsored programs that have trained over 1.6 million children in LFSA

throughout the nation. Save-A-Life has 13 branches or satellites in seven separate states, has letters of intent to bring its training to 30 additional states, and is presently registered to do business in all 50 states and Puerto Rico.

3.      Save-A-Life is funded by state and local government grants and earmarked appropriations, and grants and contributions from private businesses and other entities. Save-A-Life has received grants and contributions to support its programs from organizations such as Chicago Public Schools ("CPS"), Blue Cross/Blue Shield of Illinois, Ronald McDonald House Charities, and other entities. Save-A-Life's funding sources are publicly disclosed, it provides quarterly financial and activity reports to its private and governmental funders, and undergoes a full audit annually by an independent auditing firm.

4.      Save-A-Life's programs are taught by EMS professionals. The LFSA skills taught in Save-A-Life's programs include emergency recognition, scene safety, use of 911, bleed control, opening an airway, rescue breathing, CPR, the Heimlich Maneuver, and other basic and more advanced LFSA techniques.

## The Heimlich Connection

5.      The Heimlich Maneuver is a life saving measure for choking victims involving a thrust delivered to the victim's abdomen, creating a burst of air expelling the obstruction. It derives its name from Dr. Henry Heimlich, who pioneered the technique. Dr. Heimlich is the founder and President of the Heimlich Institute, located in Cincinnati, Ohio.

6.      Until early 2007, Dr. Henry Heimlich served on Save-A-Life's Medical Advisory Board. He developed a close affiliation with Save-A-Life, appeared at functions promoting Save-A-Life, and made guest appearances at Save-A-Life programs where he would demonstrate the

Heimlich Maneuver. Prior to early 2007, discussions were underway and plans were made to merge Save-A-Life and the Heimlich Institute, and for Save-A-Life to take ownership of the Heimlich Institute's assets and become the repository for Dr. Heimlich's personal papers and other materials related to the Heimlich Maneuver.

7.  Defendant PETER HEIMLICH is the son of Dr. Henry Heimlich. Defendant PETER HEIMLICH, upon information and belief, is a resident of the State of Georgia.

8.  Defendant JASON HAAP is a resident of Cincinnati, Ohio. He operates an internet blog known as the Cincinnati Beacon.

9.  Defendant ROBERT BARATZ, on information and belief, is a resident of the State of Massachusetts, and is the proprietor of an organization called the National Council Against Health Care Fraud. On information and belief, defendant Baratz is in the business of acting as a paid expert witness in proceedings where alternative medicine practices are at issue.

10.  For reasons unknown to Save-A-Life, a family feud has developed in which defendant PETER HEIMLICH has publicly and repeatedly stated that his mission is to discredit and destroy the reputation of his father, Dr. Henry Heimlich. Defendant PETER HEIMLICH has operated a web site dedicated to exposing what he contends are fraudulent acts by Dr. Henry Heimlich. Defendants HAAP and BARATZ have conspired and acted in concert with defendant PETER HEIMLICH in his demonstrated mission against Dr. Henry Heimlich.

### The Defendants' Concerted Action

11.  In the spring of 2006, shortly after the Edwardsville Intelligencer, a newspaper located in Edwardsville, Illinois, reported that a 12 year old girl who was trained in a Save-A-Life program offered at her school used the Heimlich Maneuver to save the life of her friend who was

choking on a piece of food, defendants began an organized and concerted campaign to destroy Save-A-Life. Defendants' campaign against Save-A-Life was motivated solely because of its close affiliation with Dr. Henry Heimlich. The campaign began with harassment of Save-A-Life employees and Board members in Illinois and elsewhere.

12.     In the fall of 2006, after WGN television in Chicago broadcast a story about Dr. Heimlich attending a Save-A-Life program at a CPS south loop school where the Heimlich maneuver was being taught, defendants targeted Chicago media and other contacts in their organized campaign to destroy Save-A-Life. The campaign continued with harassment of Save-A-Life supporters and Board members with a barrage of contacts, questions and demands, and making false, inflammatory and defamatory communications with media in the Chicago area about Save-A-Life, its employees and its programs, and demanding that the media outlets act on defendants' information.

13.     On November 17, and 18, 2006, ABC-7 in Chicago aired a sweeps week report critical of Save-A-Life by reporter Chuck Goudie. In that report Goudie:

    (a)    On information and belief, relied on and reported information and innuendo fed to him by defendants, without disclosing defendants' bias and ulterior motives.

    (b)    Accused Save-A-Life of deceiving its contributors into providing funding for Save-A-Life by exaggerating the background and experience of its President and founder, Carol Spizzirri. That statement was false and defamatory. No organization, business or government agency or officer has made or supported funding of Save-A-Life based on Carol Spizzirri's background and experience.

    (c)    Stated that Save-A-Life's instructors were unpaid, and therefore its funding was unaccounted for and misappropriated. That statement was false and defamatory. In fact, Save-A-Life's instructors are paid, and none of its funds are misappropriated. All of its funds are accounted for in every way.

(d)     Interviewed defendant Baratz and aired statements by him in which he accused Save-A-Life of deceiving its contributors, and of misappropriation and failing to account for its funds. Goudie never disclosed defendant Baratz's bias, ill will, or wrongful motives. Defendant Baratz's statements were false and defamatory.

(e)     Stated that Save-A-Life's teaching the Heimlich Maneuver in its programs was inappropriate and inconsistent with prevailing national guidelines or standards. This statement was disparaging of Save-A-Life's product, and was false.

(f)     Stated that Save-A-Life overstated the number of CPS students it trained, and reported that CPS Chief Executive Officer Arne Duncan also doubted Save-A-Life's report on the number of CPS students it trained. This statement was false and defamatory. Save-A-Life has accurately reported the number of CPS students it trained, which is documented. On information and belief, Arne Duncan has never expressed doubt about the number of CPS students trained through Save-A-Life programs.

(g)     Stated that Save-A-Life intentionally released false reports about how Christina Spizzirri, the 18-year old daughter of Save-A-Life's founder, Carol Spizzirri, was killed in a car accident. That statement was false and defamatory. Neither Carol Spizzirri, Save-A-Life nor any of its employees or agents has lied about any of the circumstances surrounding Christina Spizzirri's death.

14.     After the ABC-7 report was aired, defendants immediately claimed credit for the report, and as part of their ongoing scheme to destroy Save-A-Life for its affiliation with Dr. Heimlich, transmitted the defamatory report to numerous state and federal legislators and government agencies responsible for approving funding for Save-A-Life, companies, civic organizations and other entities engaged in business arrangements with Save-A-Life or contemplating such arrangements, and other supporters and partners of Save-A-Life. Defendants have also harassed and stalked such entities by sending numerous e-mails, letters and other communications calling attention to the ABC-7 report or portions of it, and making inquiries and

demands related to the report or making other false, negative and critical comments and innuendo about Save-A-Life.

    15.    As a direct and proximate result of the foregoing, Save-A-Life has sustained damages in that it has lost business opportunities and arrangements with third-parties, funding, and has expended money in repairing and responding to the damage done to its reputation by defendants' conduct.

**Count I**
**Tortious Interference With Prospective Economic Advantage**
**Heimlich, Haap and Baratz·**

    16.    Plaintiff Save-A-Life adopts and realleges paragraphs 1 - 15 as paragraph 16 of Count I.

    17.    Defendants interfered with Save-A-Life's prospective economic advantages, opportunities and relationships in the following ways:

    A.    Save-A-Life was in partnership with other entities to provide LFSA training for the CPS "Education to Careers" program. The partnerships were expanding for even additional programs, of which Save-A-Life was to be an integral part. Defendants transmitted the defamatory ABC-7 report to CPS, followed with questions and allegations regarding the report, and demanded responses from CPS. As a proximate result of defendants' actions, Save-A-Life's role in the Education to Careers program has been significantly limited.

    B.    Save-A-Life was in the process of creating a community granting program partnership with the United States Conference of Mayors ("USCM"). Defendants transmitted the defamatory ABC-7 report to representatives of the USCM, followed with questions and allegations regarding the report, and demanded responses from the USCM. As a proximate result of defendants' actions, all plans for the partnership were halted.

    C.    Save-A-Life had a positive relationship with Emil Jones, Jr., the President of the Illinois State Senate, who at the time of the defamatory ABC-7 report served as a Save-A-Life spokesman. Defendants transmitted the defamatory ABC-7 report to Senator Jones' office, called Senator Jones' office

-6-

repeatedly, followed with questions and allegations about the report, and demanded responses. As a proximate result of defendants' actions, Senator Jones severed his ties with Save-A-Life.

D.     Save-A-Life had been working with the City of Miami, had a branch in the Miami Mayor's office, and had been providing LFSA training in Miami-Dade schools. Defendants' transmitted the defamatory ABC-7 report to the Mayor's office, followed with questions and allegations about the report, and demanded responses. As a proximate result of defendants' actions, the City of Miami has terminated its relationship with Save–A-Life.

E.     Save-A-Life presented a pilot training program to the State of Vermont to provide LFSA programs in Vermont schools. Defendants transmitted the defamatory ABC-7 report to State of Vermont officials, followed with questions and allegations about the report, demanded responses, and demanded that a Manchester, Vermont newspaper that had published complimentary observations about the Save-A-Life program retract those comments. As a result of defendants' actions, the State of Vermont review process for the Save-A-Life pilot program was delayed, and Save-A-Life expended significant amounts of time and funds to repair the damage to its relationship with the State of Vermont caused by defendants.

F.     Save-A-Life had a six-year relationship with Comcast Corp., in which Comcast Corp. supported and participated in Save-A-Life events and promotions. Defendants transmitted the defamatory ABC-7 report to Comcast Corp., followed with questions and allegations about the report, and demanded responses. As a proximate result of defendants' actions, Comcast Corp. has severed its ties with Save-A-Life.

G.     Save-A-Life had an ongoing relationship with the Altria Group, in which it provided periodic funding and support for Save-A-Life programs and participated in Save-A-Life's promotional events. Defendants transmitted the defamatory ABC-7 report to Altria, followed with questions about allegations in the report, and demanded responses. As a proximate result of defendants' actions, Altria has severed its relationship with Save-A-Life.

H.     Save-A-Life was designated to receive significant funding from the United States Department of Defense ("DOD") to implement the National Guard's Youth Challenge Program. Review of the program had moved significantly through the DOD's appropriations process when defendants transmitted the defamatory ABC-7 report to the DOD, followed with questions and allegations about the report, and demanded responses. As a proximate result of defendants' actions, Save-A-Life was removed from consideration as a funding recipient from the DOD. Save-A-Life spent significant time and

-7-

funds to repair its relationship with the DOD, and ultimately secured a much more limited role in the Youth Challenge Program than it would have absent defendants' conduct.

I. Save-A-Life worked with the Philadelphia School Preparedness Committee to implement LFSA training in Philadelphia schools, and was a partner with the Philadelphia schools in a billboard campaign. Defendants transmitted the defamatory ABC-7 report to officials of the Philadelphia schools, followed with questions and allegations about the report, and demanded responses. As a result, the Philadelphia School Preparedness Committee severed its relationship with Save-A-Life.

J. Save-A-Life had developed an agreement to pilot Save-A-Life's LFSA programs in Putnam County, New York. Defendants transmitted the defamatory ABC-7 report to Putnam County EMS officials, followed with questions and allegations about the report, and demanded responses. As a proximate result of defendants' actions, the pilot was canceled.

K. Save-A-Life is and has been a Citizen Corps. affiliate of the United States Department of Homeland Security ("DHS"). Prior to the ABC-7 report, Senate Bill 3533, known as the CRSI Act, was enacted in which Save-A-Life was intended to be the primary provider of LFSA training. "CRSI" is an acronym for "Community Response System Initiatives," a title that was crafted after Christina Spizzirri, Carol Spizzirri's deceased daughter. Defendants transmitted the defamatory ABC-7 report to DHS, followed with questions and allegations about the report, and demanded responses. As a proximate result of defendants' actions, the CRSI Act programs have not been implemented by DHS.

18. The foregoing actions by defendants constituted tortious interference with prospective economic advantage, in that defendants' actions were taken solely to deter and discourage companies, partners, legislators, government agencies and other supporters of Save-A-Life from affiliating, supporting, promoting, or partnering with Save-A-Life, as part an ongoing scheme to discredit Dr. Henry Heimlich and Save-A-Life for its affiliation with him.

19. Defendants' actions were taken maliciously, without any legitimate purpose, and solely to damage Save-A-Life.

-8-

WHEREFORE, plaintiff, SAVE-A-LIFE FOUNDATION, INC., prays this Court enter judgment in its favor and against defendants, PETER HEIMLICH, JASON HAAP and ROBERT BARATZ, and award the following relief:

A.    A preliminary and permanent inunction prohibiting defendants from continuing their tortious conduct;

B.    Compensatory damages and costs in an amount in excess of $50,000;

C.    Punitive damages in an amount in excess of $50,000.

### Count II
### Defamation *Per Se*
### Baratz

20.    Plaintiff Save-A-Life adopts and realleges paragraphs 1 - 15 as paragraph 20 of Count II.

21.    During the ABC-7 report, defendant BARATZ stated that federal and state funding agencies have been defrauded by Save-A-Life.

22.    Defendant BARATZ's statements constitute defamation *per se* in that they impugn the financial integrity of Save-A-Life in its business.

WHEREFORE, plaintiff, SAVE-A-LIFE FOUNDATION, INC., prays this Court enter judgment in its favor and against defendant ROBERT BARATZ for the following relief:

A.    Compensatory damages and costs in an amount in excess of $50,000;

B.    Punitive damages in an amount in excess of $50,000.

**Count III**
**Defamation *Per Quod***
**Baratz**

23.     Plaintiff Save-A-Life adopts and realleges paragraphs 1 - 15 as paragraph 23 of Count III.

24.     During the ABC-7 report, defendant BARATZ stated that federal and state funding agencies have been defrauded by Save-A-Life.

25.     Defendant BARATZ's statements constitute defamation *per quod*.

WHEREFORE, plaintiff, SAVE-A-LIFE FOUNDATION, INC., prays this Court enter judgment in its favor and against defendant ROBERT BARATZ and award the following relief:

A.      Compensatory damages and costs in an amount in excess of $50,000;

B.      Punitive damages in an amount in excess of $50,000.

Respectfully submitted,

By:     _____
        Thomas G. DiCianni

Thomas G. DiCianni
ANCEL, GLINK, DIAMOND, BUSH, DICIANNI & KRAFTHEFER, P.C.
140 South Dearborn Street, Sixth Floor
Chicago, Illinois 60603
(312) 782-7606
(312) 782-0943 Fax
Firm ID 42783

-10-

## <u>VERIFICATION</u>

Under penalties as provided by law pursuant to Section 1-109 of the Illinois Code of Civil Procedure, the undersigned certifies that the statements set forth in this instrument are true and correct, except as to matters therein stated to be on information and belief and as to such matters the undersigned certifies as aforesaid that he verily believes the same to be true.

_____

Carol Spizzirri

Thomas G. DiCianni
ANCEL, GLINK, DIAMOND, BUSH, DICIANNI & KRAFTHEFER, P.C.
140 South Dearborn, 6th Floor
Chicago, Illinois 60603
(312) 782-7606
Firm ID 42783

smonroe\L:\My Documents\I. TGD\SALFvHImp\Second Amended Complaint.wpd /1572965.0001

-11-

2007·0562

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, CHANCERY DIVISION

SAVE-A-LIFE FOUNDATION, INC.,  08 JUL 10 AM 10: 01

          CLERK OF ... ... LT COURT
     Plaintiff,   DOMESTIC ... ... TIONS

               ) _____ ... ... CLERK
 v.        )  No. 07 CH 12022
             )
PETER HEIMLICH, JASON HAAP and )
ROBERT BARATZ,      )
             )
     Defendant.   )

### AMENDMENT TO SECOND AMENDED VERIFIED
### COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

   NOW COMES plaintiff, SAVE-A-LIFE FOUNDATION, INC., by its counsel, ANCEL,

GLINK, DIAMOND, BUSH, DiCIANNI & KRAFTHEFER, P.C., and for its Amendment to Second

Amended Complaint against defendants, PETER HEIMLICH, JASON HAAP and ROBERT

BARATZ, states the following:

### Count II
### Defamation *Per Se*
### Baratz

   20.  Plaintiff Save-A-Life adopts and realleges paragraphs 1 - 19 as paragraph 20 of Count

II.

   21.  During the ABC-7 report, defendant BARATZ stated that "federal and state funding

agencies have been defrauded" by Save-A-Life.

   22.  Defendant BARATZ's statements constitute defamation *per se* in that they impugn

the financial integrity of Save-A-Life in its business, and were a proximate cause of the aforesaid

losses, injuries and damages suffered by Save-A-Life.

   WHEREFORE, plaintiff, SAVE-A-LIFE FOUNDATION, INC., prays this Court enter

judgment in its favor and against defendant ROBERT BARATZ for the following relief:

A.  Compensatory damages and costs in an amount in excess of $50,000;

B.  Punitive damages in an amount in excess of $50,000.

### Count III
### Defamation *Per Quod*
### Baratz

23.  Plaintiff Save-A-Life adopts and realleges paragraphs 1 - 19 as paragraph 23 of Count III.

24.  During the ABC-7 report, defendant BARATZ stated that "federal and state funding agencies have been defrauded" by Save-A-Life.

25.  Defendant BARATZ's statements constitute defamation *per quod*, and were a proximate cause of the aforesaid losses, injuries and damages suffered by Save-A-Life.

WHEREFORE, plaintiff, SAVE-A-LIFE FOUNDATION, INC., prays this Court enter judgment in its favor and against defendant ROBERT BARATZ and award the following relief:

A.  Compensatory damages and costs in an amount in excess of $50,000;

B.  Punitive damages in an amount in excess of $50,000.

Respectfully submitted,

By: _____
Thomas G. DiCianni

Thomas G. DiCianni
ANCEL, GLINK, DIAMOND, BUSH, DICIANNI & KRAFTHEFER, P.C.
140 South Dearborn Street, Sixth Floor
Chicago, Illinois 60603
(312) 782-7606
(312) 782-0943 Fax
Firm ID 42783

smonroe\L:\My Documents\1. TGD\SALPvH\zap\Amendment to Second Amended Complaint.wpd /1572065.0001

-2-

## CERTIFICATE OF SERVICE

    Susan L. Monroe, a non-attorney, on oath, deposes and says that she served a true and correct copy of the foregoing Amendment to Second Amended Verified Complaint for Injunctive Relief and Damages upon Wayne B. Giampietro, Stitt, Klein, Daday, Aretos & Giampietro, LLC, 2550 West Golf Road, Rolling Meadows, Illinois 60068, via U.S. First Class Mail, proper postage prepaid, at or before 5:00 p.m. on July 10, 2008.

[X] Under penalties as provided by law pursuant to 735 ILCS 5/1-109, I certify that the statements set forth herein are true and correct.

Susan J. Monroe

smonroe\L:\My Documents\1. TGD\SALFvHanp\Certificate of Service.wpd /1049251.001

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, CHANCERY DIVISION

| | | |
|---|---|---|
| SAVE-A-LIFE FOUNDATION, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 07 CH 12022 |
| | ) | |
| PETER HEIMLICH, JASON HAAP | ) | |
| and ROBERT BARATZ, | ) | |
| | ) | |
| Defendants. | ) | |

### NOTICE OF FILING

TO:     Thomas G. DiCianni
        Ancel, Glink, Diamond, Bush
        140 S. Dearborn
        Chicago, IL 60603

PLEASE TAKE NOTICE that on October 22, 2008, we have filed with the Clerk of the Circuit Court of Cook County, Illinois, Notice of Removal with the United States District Court, Northern District of Illinois, a copy of which is herewith served upon you.

_____
Wayne B. Giampietro
Attorney for Defendants Haap and Baratz

STITT, KLEIN, DADAY, ARETOS & GIAMPIETRO
2550 W. Golf Road, Suite 250
Rolling Meadows, IL 60008
(847) 590-8700; Facsimile: 847 590 9825
Attorney I.D. 91091

### CERTIFICATE OF SERVICE

I served this Notice of Filing and documents referred to therein upon counsel as listed above via Facsimile Service on October 21, 2008 prior to 5:00 p.m. from Rolling Meadows, Illinois..



EXHIBIT
B