# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| SAVE-A-LIFE FOUNDATION, INC., | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 08 C 6022 |
| PETER HEIMLICH, JASON HAAP, & ROBERT BARATZ, | ) |
| Defendants. | ) |

## CORRECTED MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

Plaintiff Save-A-Life Foundation, Inc. (SAL) filed suit against Peter Heimlich, Jason Haap, and Robert Baratz in the Circuit Court of Cook County, alleging various claims under Illinois law. Heimlich removed the case to this Court on the basis of diversity jurisdiction. SAL asks the Court to remand the case to the Circuit Court of Cook County. For the following reasons, the Court denies SAL's motion.

### Facts

SAL filed the original complaint in this case in the Circuit Court of Cook County on May 3, 2007. SAL is a citizen of Illinois. The original and current defendants, Heimlich, Haap, and Baratz, are each citizens of states other than Illinois. Haap and Baratz appeared while the case was pending in state court. SAL filed an amended complaint before serving Heimlich with the summons and original complaint. SAL subsequently filed a second amended complaint, again before serving Heimlich.

Following a number of unsuccessful attempts by SAL to serve Heimlich with the

second amended complaint, the Circuit Court of Cook County granted SAL leave to serve Heimlich by alternate means pursuant to 735 ILCS 5/2-203.1. The alternate means that the court approved included: (1) posting the summons and complaint at Heimlich's residence by the Gwinnett County, Georgia, Sheriff; (2) mailing the summons and complaint to Heimlich's home address; and (3) e-mailing the summons and complaint to Heimlich at a particular e-mail address. The Gwinnett County Sheriff served Heimlich with the summons and complaint on September 22, 2008. Heimlich has also stated, in a sworn declaration, that he received copies of the summons and complaint via U.S. Mail on September 23, 2008. Heimlich denies receiving the summons prior to September 22, 2008 and specifically denies ever receiving the summons by e-mail.

Heimlich filed a notice of removal on October 21, 2008. There is no dispute regarding Heimlich's contentions that complete diversity of citizenship exists and that the amount in controversy, exclusive of interest and costs, exceeds $75,000. SAL has, however, moved to remand the action to the Circuit Court of Cook County, claiming that Heimlich's removal is defective for a number of reasons.

## Discussion

"As the party seeking to invoke federal jurisdiction, [Heimlich] bears the burden of demonstrating that removal is proper." *Boyd v. Phoenix Funding Corp.*, 366 F.3d 524, 529 (7th Cir. 2004).

1. **Removal by a later-served defendant**

A defendant has thirty days following service to remove an action from state to

federal court. 28 U.S.C. § 1446(b). When a complaint "is filed in court prior to any service, the removal period runs from the service of the summons." *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354-56 (1999). If the suit names multiple defendants, it may not be removed unless all the defendants consent to removal. *E.g.*, *McMahon v. Bunn-O-Matic Corp.*, 150 F.3d 651, 653 (7th Cir. 1998).[1] Courts refer to this as the unanimity requirement.

Section 1446 does not address whether a later-served defendant can obtain consent for removal from a defendant who was served earlier and for whom the time to remove has already expired. *See* 28 U.S.C. § 1446(b); *Boyd*, 366 F.3d at 529-30. Neither the Supreme Court nor the Seventh Circuit has addressed this issue. Some courts, however, have adopted what has become known as the "first-served defendant" rule. *E.g.*, *Brown v. Demco, Inc.*, 792 F.2d 478, 481-82 (5th Cir. 1986); *Phoenix Container, L.P. ex rel. Samarah v. Sokoloff*, 83 F. Supp. 2d 928, 932 (N.D. Ill. 2000). Under that rule, which ostensibly furthers the unanimity requirement, an action may be removed only during the thirty days following service of the first defendant. In the event another defendant is served at a later date after the first-served defendant's thirty-day window to remove has expired, the later-served defendant is bound by the first

---

[1]A representation by the removing defendant that all other defendants consent to removal is insufficient; rather, all defendants must sign the notice of removal. *McMahon*, 150 F.3d at 653; *Deluca v. Liggett & Myers, Inc.*, No. 00 C 7781, 2001 WL 629398, at *1 (N.D. Ill. May 24, 2001). In this case, though the notice of removal represents that Haap and Baratz consent to removal, only Heimlich signed it. The defendants may correct this oversight by filing an amended consent to removal, signed all defendants, even though the thirty-day period for filing a notice of removal has passed. *See Northern Ill. Gas Co. v. Airco Indus. Gases*, 676 F.2d 270, 273 (7th Cir. 1982); *Deluca*, 2001 WL 629398, at *1 (collecting authority). Unless defendants do so by February 12, 2009, the Court may be required to remand the case.

defendant's failure to timely remove the case to federal court. *Brown*, 792 F.2d at 481-82. SAL contends that the first-served defendant rule bars Heimlich from removing this action to federal court. It is undisputed that the time for Haap and Baratz to remove this case expired long before Heimlich was served in September 2008.

Recently, however, the Sixth, Eighth, and Eleventh Circuits have rejected the first-served defendant rule. *Bailey v. Janssen Pharmaceutica, Inc.*, 536 F.3d 1202, 1205-08 (11th Cir. 2008); *Marano Enters. of Kan. v. Z-Teca Rests., L.P.*, 254 F.3d 753, 754-57 (8th Cir. 2001); *Brierly v. Alusuisse Flexible Packaging, Inc.*, 184 F.3d 527, 532-33 & n.3 (6th Cir. 1999). Each of these courts provided compelling reasons for reaching this conclusion. First, they reasoned that a rule allowing each defendant the opportunity to remove an action, regardless of when other defendants had been served, was more equitable. *Bailey*, 536 F.3d at 1206-07; *Marano Enters. of Kan.*, 254 F.3d at 755. They also noted that rejection of the first-served defendant rule was consistent with the plain language of 28 U.S.C. § 1446(b). *Bailey*, 536 F.3d at 1207; *Brierly*, 184 F.3d at 533.

The Eleventh Circuit examined the two goals often provided by courts to justify the first-served defendant rule: the requirement of unanimity to remove a case from state to federal court, and the principle that federal court jurisdiction and the removal statute are to be construed narrowly. *Bailey*, 536 F.3d at 1207. With respect to the first goal, the Eleventh Circuit stated:

> The last-served rule is not inconsistent with the rule of unanimity. Earlier-served defendants may choose to join in a later-served defendant's motion or not, therefore preserving the rule that a notice of removal must have the unanimous consent of the defendants. The unanimity rule alone

4

> does not command that a first-served defendant's failure to seek removal necessarily waives an unserved defendant's right to seek removal . . . .

*Id.*; *see also Brierly*, 184 F.3d at 533 n.3.

With respect to the second goal, the Eleventh Circuit concluded that strict construction of the removal statute did not compel adoption of the first-served defendant rule, in light of the Supreme Court's 1999 decision in *Murphy Brothers*. *Bailey*, 536 F.3d at 1207-08; *see also Marano Enters. of Kan*., 254 F.3d at 756-57. In *Murphy Brothers*, the Supreme Court stated that "[a]n individual or entity named as a defendant is not obliged to engage in litigation unless notified of the action, and brought under a court's authority, by formal process." *Murphy Brothers*, 526 U.S. at 347-48 (holding that the time to remove under section 1446(b) is triggered by service of the complaint and summons, "not by mere receipt of the complaint unattended by any formal service"). Both the Eighth and Eleventh Circuits concluded that the Supreme Court in *Murphy Brothers* "acknowledged the significance of formal service to the judicial process, most notably the importance of service in the context of the time limits on removal (notwithstanding an earlier admonition by the Court . . . for strict construction of the removal statute)." *Marano Enters. of Kan*., 254 F.3d at 756 (internal citation omitted); *Bailey*, 536 F.3d at 1208.

The Seventh Circuit has not followed or rejected the recent trend away from the first-served defendant rule. But neither has it ever adopted the first-served defendant rule. In *Boyd*, the Seventh Circuit took note of the Eighth Circuit's decision in *Marano Enterprises*, focusing on the Eighth Circuit's reliance on the Supreme Court's decision in *Murphy Brothers*. *Boyd*, 366 F.3d at 530 (remanding case to district court for further

development of the record without adopting or rejecting the Eighth Circuit's rejection of the first-served defendant rule). Dicta in a subsequent Seventh Circuit opinion, albeit under circumstances different from the current case, indicates that the Seventh Circuit recognizes that following the Supreme Court's holding in *Murphy Brothers*, all defendants, regardless of when they are served, are entitled to remove an action from state to federal court if a proper basis exists for doing so. *See Price v. Wyeth Holdings Corp.*, 505 F.3d 624, 631 (7th Cir. 2007) ("Neither the language of nor the purposes behind the time limits contained in § 1446(b) could possibly support a reading that the limits run against defendants who are unaware of the pending claim.") (citing *Murphy Bros., Inc.*, 526 U.S. at 347); *see also Midlock v. Apple Vacations W., Inc.*, 406 F.3d 453, 455-56 (7th Cir. 2005) (noting, without deciding, that it was "unclear whether all [defendants] but [the removing] defendant actually joined in . . . removal and, if not, whether the failure of the other defendants to do so might be excused by their not having been served") (citing *Boyd*, 366 F.3d at 529-30).

Other district court judges in this circuit, in the absence of controlling precedent, have adopted the first-served defendant rule. *E.g.*, *Collins v. Pontikes*, 447 F. Supp. 2d 895, 897 (N.D. Ill. 2006); *Jonathan Pepper Co. v. Hartford Cas. Ins. Co.*, 381 F. Supp. 2d 730, 731 (N.D. Ill. 2005); *Phoenix Container, L.P. ex rel. Samarah*, 83 F. Supp. 2d at 932.[2] One recent decision by a district judge in this circuit, however, rejected the first-served defendant rule in favor of Eighth Circuit's approach. *See Cholpek v. Fed. Ins.*

---

[2]None of the cases cited in the text addressed the implications of *Murphy Brothers* on the first-served defendant issue, and none of them referenced the post-*Murphy Brothers* circuit-level precedent disapproving the first-served defendant approach.

6

*Co.*, No. 05 C 545, 2005 WL 3088355, at *1-2 (W.D. Wis. Nov. 17, 2005). Notably, the two leading treatises on civil practice in the federal courts are divided as to the appropriateness of the first-served defendant rule. *Compare* 14C Charles A. Wright, Arthur R. Miller, & Edward H. Cooper, *Federal Practice & Procedure* § 3732 at 336-39 (3d ed. 1998) (noting the unfairness of the first-served defendant rule when some defendants are served later than others), *with* 16 *Moore's Federal Practice* § 107.30[3][a] (contending that first-served defendant rule is the better approach).

In the absence of controlling authority from the Supreme Court or the Seventh Circuit, and consistent with the persuasive reasoning of the Sixth, Eighth, and Eleventh Circuits, the Court concludes that each defendant in a case is entitled to remove an action from state to federal court, regardless of whether earlier-served defendants declined to do so, so long as all defendants consent to removal. This approach is consistent with other recent removal rulings by the Supreme Court and the Seventh Circuit. *See Murphy Bros.*, 526 U.S. at 354-56; *Price*, 505 F.3d at 631.[3] This approach is also more equitable than the first-served defendant rule, because it does not render a later-served defendant's right to removal subject to the actions of earlier-served defendants and the frequent vagaries involved in the timing of service of process (especially when out-of-state defendants are being served). Accordingly, the fact that Haap and Baratz failed to remove this case to federal court did not preclude Heimlich from doing so within thirty days after he was served with the summons.

---

[3]No court of appeals has adopted the first-served defendant rule post-*Murphy Brothers*.

## 2. Timeliness of removal

SAL next contends that this case should be remanded because Heimlich failed to file his notice of removal within thirty days after receiving the summons and complaint. The undisputed record shows that Heimlich was personally served by the Gwinnett County Sheriff on September 22, 2008 and that he received the complaint and summons in the mail on September 23, 2008. The notice of removal was filed on October 21, 2008, less than thirty days after each of those dates.

SAL contends, however, that it served Heimlich by e-mail on September 17, 2008, pursuant to the order of the Circuit Court of Cook County permitting service by e-mail. Heimlich has submitted a sworn declaration that he never received a copy of the summons by e-mail. To counter Heimlich's sworn statement, SAL points to a certificate of service, signed by its counsel, stating that service was made by, among other means, e-mail on September 17, 2008. That certificate of service, however, states that only the complaint was served by e-mail; it says nothing about the summons. *See* Pl.'s Mot. to Remand Ex. G. In short, SAL has submitted no evidence that it served the summons by e-mail. Thus Heimlich's sworn assertion that he did not receive summons until September 22, 2008 stands uncontradicted. As noted above, the Supreme Court has held that the time for removal is not triggered until a defendant has been served with a copy of the summons. *Murphy Bros.*, 526 U.S. at 354-56. Accordingly, Heimlich's notice of removal was timely.

## 3. One-year limitation of 28 U.S.C. § 1446(b)

Finally, SAL contends that the Court should remand this case because a state

court lawsuit cannot be removed on the basis of diversity jurisdiction after the case has been pending in state court for more than one year. That argument, however, is based on a misreading of the removal statute. The portion of the second paragraph of section 1446(b) that imposes limitations on removing cases is preceded by language that makes clear the one-year limitation applies only to cases that were not removable based on the "initial pleading." 28 U.S.C. § 1446(b). As the Seventh Circuit has recently stated, "[t]he clause containing the one-year bar is part of the paragraph specifically addressing the time limits for cases that are not initially removable; its placement in this paragraph indicates that it modifies only the immediately preceding language in the same paragraph, not the more general time limitation contained in the preceding paragraph." *Price*, 505 F.3d at 631 n.6; *see also Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1316-17 (9th Cir. 1998) (concluding that the one-year limit applies only to actions not originally removable). SAL's reliance on *Foiles v. Merrell Nat'l Labs.*, 730 F. Supp. 108 (N.D. Ill. 1989), is misplaced. In *Foiles*, no basis for federal jurisdiction existed at the time the original complaint was filed. *Id.* at 109.

      SAL also argues remand is appropriate because the first amended complaint in the state court included parties that destroyed complete diversity. That fact, however, is irrelevant. The second paragraph of section 1446(b) applies only to the "initial pleading." 28 U.S.C. § 1446(b). There is no dispute that the original complaint filed in the Circuit Court of Cook County provided a basis for federal jurisdiction, namely, complete diversity.

**Conclusion**

For the reasons set forth above, the Court denies plaintiff's motion to remand [docket no. 14]. Defendants are directed to file a joint statement of consent to removal, signed on behalf of each defendant, by February 12, 2009. The parties are directed to make their disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1) on or before February 24, 2009. The case is set for an initial status hearing on March 4, 2009 at 9:00 a.m. The parties are directed to comply prior to that date with Judge Kennelly's initial standing order. The status hearing set for February 5, 2009 is vacated.

Date: February 3, 2009
(corrected February 9, 2009)

_____
MATTHEW F. KENNELLY
United States District Judge